# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CURTIS JOSEPH K.,**[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 19-2673-JWL** |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————— ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) consideration of the medical opinions, the court ORDERS the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

## I.      Background

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

In January and April 2016, Plaintiff protectively filed applications for DIB and SSI benefits.  (R. 1122, 1365, 1367).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erroneously failed to obtain the testimony of a vocational expert (VE), failed to assess residual functional capacity (RFC) on a function-by-function basis, and erred in evaluating the medical opinions.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary because the court finds error in the ALJ's evaluation of the medical opinions.  Therefore, the court need not address the remaining issues and Plaintiff may make any argument desired in that regard to the Commissioner on remand.

## II.    Discussion

Plaintiff argues the ALJ failed to identify the weight accorded to the opinions of Dr. West, Dr. Geis, Dr. Fluter, or a physical therapist, Mr. Fieser regarding his physical abilities and limitations, or to the opinions of Dr. Stern and Dr. Locke regarding his mental abilities and limitations.  (Pl. Br. 30).  He argues, "Dr. Locke apparently affirmed

Dr. Stern's opinions [Plaintiff] would do best with structure and pre-determined work goals," but the ALJ did not account for that fact in the RFC assessed.  (Pl. Br. 30).

The Commissioner admits that the ALJ "did not explicitly weigh" the opinions of Mr. Fieser, Dr. West, Dr. Geis, and Dr. Fluter, and that this is error.  (Comm'r Br. 6).  He suggests the error was harmless and argues that it was Plaintiff's burden to show harm, that he did not, and these medical healthcare workers' opinions were consistent with the RFC assessed.  (Comm'r Br. 6-7) (citing Keyes-Zachary v. Astrue, 695 F.3d 1156, 1163 (10th Cir. 2012) (ALJ's failure to assign a specific weight to a medical opinion was harmless where the opinion was generally consistent with the ALJ's RFC findings)).  The Commissioner concludes, "the medical opinions supported the ALJ's assessment of Plaintiff's physical RFC.  'A remand for the ALJ to weigh opinions that admittedly do not support a finding of disability would be futile.'"  Id. at 7 (quoting Thompson v. Colvin, 551 F. App'x 944, 948 (10th Cir. Jan. 3, 2014)).

The Commissioner argues that the ALJ, however, accorded strong weight to the opinions of Dr. Stern and Dr. Locke and went on to find Plaintiff is more limited than did Dr. Locke—that he was capable of only simple, routine, and repetitive tasks.  Id. at 8-9.  He argues that failure to "recite Dr. Locke's opinion that [Plaintiff] would 'likely do best with structure and pre-determined work goals'" was not error because that was merely a speculative opinion which need not be addressed.  Id. at 10 (citing Paulsen v. Colvin, 665 F. App'x 660, 666 (10th Cir. 2016)).  He concludes, "Plaintiff has not established that the ALJ's limitation to simple, routine, and repetitive work did not address Dr. Locke's opinion he would likely do best with structure and pre-determined work goals."  Id. at 11.

### A.    Standard for Evaluating Medical Source Opinions

For claims filed before March 17, 2017, "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations.  <u>Id.</u> §§ 404.1527(c), 416.927(c); <u>Soc. Sec. Ruling</u> (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2019).

Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); <u>see also</u> <u>Drapeau v. Massanari</u>, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing <u>Goatcher v. Dep't of Health & Human Servs.</u>, 52 F.3d 288, 290 (10th Cir. 1995)).

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits."  West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2019).  The Ruling includes narrative discussion

requirements for the RFC assessment.  Id. at 149.  Among other requirements, the

discussion must include an explanation how any ambiguities and material inconsistencies

in the evidence were considered and resolved.  Id.

**B.      The ALJ's Findings**

The ALJ assessed Plaintiff with the RFC "to perform light work as defined in 20

CFR 404.1567(b) and 416.967(b) except that he can perform no more than occasional

overhead reaching with the right upper extremity.  Mentally, he can perform occupations

that consist of simple, routine, and repetitive tasks and can tolerate only occasional

interaction with the general public."  (R. 1132) (finding no. 5, bold omitted).  The ALJ

discussed several opinions relating to Plaintiff's right shoulder impairment and explained

it was "reasonable to preclude him from performing any more than occasional overhead

reaching with the right upper extremity, which is consistent with Dr. DeCarvalho's

February 2013 recommendation."  (R. 1136-37).  He concluded the evidence did not

merit further physical limitations.

He then discussed the opinions regarding Plaintiff's mental impairments.  Id. at

1137-38.  He discounted the opinion of Plaintiff's treating APRN and supervising

psychiatrist because it was inconsistent with the treatment notes and the conservative

treatment, and when coupled with Plaintiff's interest in medication only, and a heavy

focus "on complaints of anxiety without significant reports of escalating depressive

symptoms," made the opinion appear "to be based on subjective complaints and not an

objective assessment of his functional capacity."  He found that "in contrast to the

opinions of the psychological consultant opinions [sic] that are, accordingly, afforded

7

strong weight." Id. at 1137.  He discussed Dr. Berg's opinion to which he accorded some

weight except he accorded little weight to his opinion Plaintiff was "prone to lapses in

attention that could interfere with his ability to perform [unskilled] tasks in a reliable

manner … because it is inconsistent with the longitudinally unremarkable mental status

examination findings with regard to the claimant's attention and concentration."  (R.

1138).

### C.   Analysis

The court agrees with the Commissioner that Plaintiff has the burden to prove

disability and the burden to show an error is harmful.  However, it goes a step too far to

argue "Plaintiff has not established that the ALJ's limitation to simple, routine, and

repetitive work did not address Dr. Locke's opinion that he would likely do best with

structure and pre-determined work goals."  (Comm'r Br. 11).  It is by no means obvious

that a limitation to simple, routine, and repetitive tasks encompasses the provision of

structure and pre-determined work goals.  While it may be that a particular understanding

of the two concepts may result in the first encompassing the second, that understanding is

not intuitively obvious, and nothing in this record suggests the ALJ was of that

understanding, or why.  Moreover, as noted above, it is the ALJ's duty to resolve

ambiguities and material inconsistencies in the evidence.  And Plaintiff will be found to

have met his burden to show error when he points to such an unresolved ambiguity or

material inconsistency.

That fact is highlighted in a case such as this where the ALJ's only mention of Dr.

Locke's opinion is his oblique note that the "psychological consultant opinions" are given

strong weight because they are to the contrary effect from the opinions of Plaintiff's psychiatrist and nurse. (R. 1137). The ALJ did not mention Dr. Locke by name, he did not cite the exhibit containing Dr. Locke's opinion, he did not summarize the opinion, and he made no mention of the opinion regarding structure and pre-determined work goals. Moreover, Dr. Stern provided the identical opinion regarding Plaintiff's adaptation limitations (R. 1202) with the identical results.

Finally, the ALJ admittedly "did not explicitly weigh" the opinions of Mr. Fieser, Dr. West, Dr. Geis, and Dr. Fluter, and this is error. (Comm'r Br. 6). In many cases the court would likely agree with the Commissioner's argument the error was harmless. However, where the ALJ here so obviously failed to resolve the ambiguities regarding Dr. Locke's and Dr. Stern's opinions, that fact adds support to the inference the ALJ failed to adequately consider and evaluate the medical source opinions. The court cannot find harmless error in these circumstances and remands for a proper consideration and explanation of the weight accorded the medical source opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated September 8, 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**

9